Allene B. ROGERS, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 82–C–0289–J.

United States District Court,
N.D. Alabama,
Jasper Division.

March 22, 1983.

Charles Tyler Clark, J. Michael Booker, Birmingham, Ala., for plaintiff.

Frank Donaldson, U.S. Atty., Elizabeth Todd Campbell, Asst. U.S. Atty., Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

CLEMON, District Judge.

The plaintiff, Allene B. Rogers, brings this action pursuant to the provisions of section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review by this Court of a final decision of the Secretary of Health and Human Services denying her application for disability insurance benefits. Plaintiff filed an application for disability insurance benefits on January 5, 1981, alleging that she became unable to work on January 15, 1977. The application was denied administratively. An administrative law judge (ALJ) considered the case *de novo* and, on September 4, 1981, found that the plaintiff was not disabled within the meaning of the Act. This decision became the final decision of the Secretary of Health and Human Services when it was affirmed by the Appeals Council on January 20, 1982. The present action followed.

The ALJ rested his decision on alternative grounds. First, the ALJ found that plaintiff's impairments "do not prevent her from returning to her prior occupation as a cashier." Tr. 16, 17. Second, relying on section 201.19 of Table No. 1 of the Medical-Vocational Guidelines, 20 C.F.R. part 404, subpart P, Appendix 2 (1981), a "grid" regulation, the ALJ concluded that the plaintiff was not disabled in light of the plaintiff's educational background, age, previous work experience and residual functional capacity. For the reasons stated herein, the Court finds that neither of these grounds can support the ALJ's determination.

I.

Plaintiff suffers from pain in her neck, arms, shoulders and back due to cervical spondylosis, degenerative disc disease, and non-union of a fusion of certain vertebra. Plaintiff also is afflicted by urinary incontinence. Although these impairments are severe, none of them are *per se* disabling.

In accordance with 20 C.F.R. § 404.-1520(e) (1981), the ALJ reviewed plaintiff's residual functional capacity and the physical and mental demands of the work she had done in the past. The ALJ found that plaintiff had worked at a number of jobs, including cashier, before becoming disabled. Plaintiff's former work as a cashier required light exertion. The ALJ determined that plaintiff is no longer capable of such light exertion, but that she is capable of sedentary work. Based on this determination, the ALJ ruled that plaintiff is able "to

return to her vocationally relevant prior work," Tr. 16, and denied her claim pursuant to 20 C.F.R. § 404.1520(e).

██ The ALJ's decision is based on an erroneous interpretation of "prior work" within the meaning of 20 C.F.R. § 404.-1520(e). This section directs the Social Security Administration to examine the claimant's "residual functional capacity and the physical and mental demands" of the claimant's past work. This review is meant to lead to a comparison of a claimant's current functional capacity and the functional capacity required in claimant's previous jobs. A claimant may still do her prior work and is not disabled if she retains the functional capacity which her past work required. A claimant who no longer has the functional capacity that her prior work required cannot do the "kind of work" she has done in the past, within the meaning of section 404.1520(e). Two positions which share the same title and have certain activities in common are not the same "kind of work" where one requires a different functional capacity from the other.

██ In the instant case, plaintiff is unable to return to her prior work, within the meaning of 20 C.F.R. § 404.1520(e). Plaintiff's previous job as a cashier required her to do light stock work. The ALJ determined that plaintiff could no longer do such work; however, she could be a sedentary cashier. A sedentary cashier's position is not the same "kind of work" as a cashier's job that involves light exertion because the latter job requires a greater functional capacity than the former. An individual confined to doing sedentary work, such as plaintiff, could not perform the tasks demanded of a cashier who must do light-exertion work. Therefore, plaintiff is not able to do the kind of work she had done in the past, within the meaning of 20 C.F.R. § 404.1520(e).

██ If a claimant's impairment is not *per se* disabling, then the claimant must show that her impairment is severe enough to prevent her from working at her previous job. Once the claimant accomplishes this, the burden shifts to the Secretary to show that the claimant is capable of other substantial gainful work which exists in the national economy, considering the claimant's age, education and work experience. *Broz v. Schweiker,* 677 F.2d 1351, 1355 (11th Cir.1982). The ALJ's first ground of decision held that plaintiff did not meet her burden of showing that her impairment was sufficiently serious to prevent her from working at her previous job. For the reasons discussed above, the Court holds that the ALJ erred in this respect and should have found plaintiff is unable to work at her previous job.

## II.

██ It is unclear whether any other substantial gainful work exists in the national economy, considering plaintiff's age, education, work experience and residual functional capacity, which plaintiff can do. The ALJ stated that plaintiff could perform a sedentary cashier job, Tr. 16, but he cited no authority for this statement and no vocational expert testified in this cause. Rather, the ALJ relied on a so-called grid regulation, section 201.19 of Table No. 1 of the Medical-Vocational Guidelines. 20 C.F.R. part 404, subpart P, Appendix 2 (1981). This table applies to those claimants whose maximum sustained work capability is limited to sedentary work as a result of severe medically determinable impairments. The particular section on which the ALJ relied requires that a claimant be found "not disabled" if the claimant is skilled or semiskilled, such skills being nontransferable, has limited or less education, and is between the ages of forty-five and forty-nine. Plaintiff fit these criteria at the time of her application for disability benefits. By mechanically applying this grid regulation, the ALJ determined that the plaintiff was not disabled.

The grid regulations, as thus applied, have been held invalid because they conclusively determine that effect of age on disability. *Broz v. Schweiker,* 677 F.2d at 1355. If plaintiff were judged as a fifty-year-old under section 201.10 rather than a

forty-nine-year-old under section 201.19, she would be considered disabled. The grid regulations are capable of valid application only by providing an individual determination of the age factor. *Id.* The ALJ did not make such a determination.

Hence, this cause must be reversed and remanded for further findings. On remand, the ALJ should determine the effect of plaintiff's age on her ability to adapt to a full range of work within the sedentary category.

The decision of the Secretary is reversed and remanded for further proceedings consistent with this opinion. A separate order embodying these conclusions shall issue.