**Raymond C. HILLIARD, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary of the Department of Health and Human Services, Defendant.**

**No. CV–82–18–GF.**

United States District Court, D. Montana, Great Falls Division.

April 12, 1983.

Thomas Boland, Regnier, Lewis & Boland, Great Falls, Mont., for plaintiff.

George C. Darragh, Asst. U.S. Atty., Great Falls, Mont., for defendant.

MEMORANDUM AND ORDER

HATFIELD, District Judge.

Raymond C. Hilliard, the plaintiff herein, seeks review of the final decision of the defendant, Secretary of Health and Human Services, denying his claim for disability insurance benefits under 42 U.S.C. §§ 401 *et seq.* This court's jurisdiction is pursuant to 42 U.S.C. § 405(g).

Mr. Hilliard's application for Social Security disability benefits was filed on May 18, 1979. The application was denied. Mr. Hilliard requested reconsideration which was likewise denied. Pursuant to Mr. Hilliard's timely request, a hearing was held before an Administrative Law Judge (ALJ) on July 7, 1981. The ALJ determined on

September 23, 1981 that Mr. Hilliard was not disabled as that term is defined in the Social Security Act.

Mr. Hilliard worked as a pipefitter for 29 years, until he sustained a back injury on November 14, 1978 after a fall at work. Mr. Hilliard complains of severe and persistent back pain and headaches. The back pain and headaches, together with depression apparently associated with that pain, constitute the basis of Mr. Hilliard's claim for disability benefits.

## I.

■ A claimant for disability benefits bears the burden of proving that a disability exists. 42 U.S.C. § 423(d)(5). Disability is defined as "... the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; ...." 42 U.S.C. § 423(d)(1)(A). Once the claimant makes a *prima facie* showing of a physical impairment which effectively precludes him from returning to his past work, the burden of going forward shifts to the Secretary. *Johnson v. Harris,* 625 F.2d 311 (9th Cir. 1980). *Gentry v. Schweiker,* 513 F.Supp. 1020 (D.Mont.1981). The Secretary must establish that the claimant has the physical and mental capacity (*i.e.,* residual functional capacity) to perform specific jobs, taking into consideration the claimant's age, education and past work experience (*i.e.,* vocational capacity). 20 C.F.R. § 404.1505.

The interrelation of the aforementioned factors to be utilized in making a disability determination is governed by 20 C.F.R. Part 404, Subpart P, Appendix II, and the remaining regulations.

Residual functional capacity consists of two aspects: (1) exertional limitations (*i.e.,* ability to do sedentary, light, medium, heavy or very heavy work), and (2) non-exertional limitations (*i.e.,* mental, sensory, or skin impairments).

The tables of Appendix II consider only the physical exertion aspect of residual

functional capacity.. If the findings in a particular case deal only with exertional limitations, then the applicable rule in the tables of Appendix II is conclusive. However, where non-exertional limitations are involved, the rule serves as a guideline along with the principles and definitions in the regulations, and full consideration must be given to all relevant facts in the case. *Id.* App. II § 200.00(e).

## II.

In the present case, the ALJ expressly found that Mr. Hilliard could not perform his past relevant work as a pipefitter. That determination having been made, the burden shifted to the Secretary to establish that Mr. Hilliard, considering his residual functional capacity and vocational capacities, was able to perform other work.

The ALJ found that Mr. Hilliard had the residual functional capacity to perform "light" work, was an individual "closely approaching advanced" age, and had a "limited" education. Assuming that the skills acquired by Mr. Hilliard through his past work experience were not transferable, the ALJ concluded that Mr. Hilliard's situation corresponded with the medical-vocational guideline set forth in Rule 202.11, 20 C.F.R. Part 404, Subpart P, Appendix II. The ALJ noted that the foregoing rule would direct a finding of non-disability. In light of the fact that Mr. Hilliard's claim involved non-exertional limitations, *i.e.,* pain, psychological problems, the ALJ did not treat the rule as conclusive, but in accordance with the pertinent regulations, assessed the non-exertional limitations presented. The ALJ concluded, however, that Mr. Hilliard's non-exertional limitations did not affect his residual functional capacity for "light" work.

Mr. Hilliard contends that the findings of the ALJ are erroneous in two respects: (1) the ALJ's determination that Mr. Hilliard was capable of performing "light" work is not supported by substantial evidence; (2) the ALJ's determination that the claimant's non-exertional limitations did not affect his

residual functional capacity is not based on substantial evidence.

### III.

Having exhaustively reviewed the record in this matter, this court concludes that remand of this action is appropriate.[1] The court's ruling is predicated on its finding that the medical-vocational guidelines were not properly applied, in accordance with the pertinent regulations. As previously noted, the ALJ found the applicable guideline to be that set forth in Rule 202.11, 20 C.F.R. Part 404, Subpart P, Appendix II. Rule 202.11 is applicable to an individual "closely approaching advanced age", of "limited" education and whose work skills are "not transferable". The ALJ never made a specific finding as to the transferability of Mr. Hilliard's work skills, but assuming that his skills were not transferable, found that Mr. Hilliard's vocational factors of age and education would direct a finding of "not disabled". It is the ALJ's application of the "closely approaching advanced age" category in his utilization of the medical-vocational guidelines on which this court focuses.

Mr. Hilliard was born on December 14, 1926. At the time of the administrative hearing, i.e., July 7, 1981, Mr. Hilliard was 54 years old. The date of the ALJ's decision was September 23, 1981, less than three months before Mr. Hilliard's fifty-fifth birthday. An individual 55 or over, of course, is considered as being of "advanced age". See, 20 C.F.R. § 404.1563(d).

Assuming that Mr. Hilliard's work skills were found to be "not transferable", the "age" categorization is critical. If Mr. Hilliard had been classified as being of "advanced age", the medical-vocational guidelines applicable to his situation would have been Rule 202.02, 20 C.F.R. Part 404, Subpart P, Appendix II, which directs a finding of disabled.

Although Mr. Hilliard technically fell within the "approaching advanced age" category at the time of the hearing before the ALJ, see 20 C.F.R. § 404.1563(c), subpart (a) of § 404.1563 specifically states that the Secretary "will not apply these age categories mechanically in a borderline situation". The record is devoid of the consideration, if any, given by the ALJ to the borderline situation which Mr. Hilliard's situation obviously presents. The failure of the ALJ to state why the "age" categorization was accomplished mechanically represents sufficient ground for remand.

It must be further noted that Mr. Hilliard's insured status does not expire until at least December of 1983. If Mr. Hilliard's insured status had expired a significant period of time in advance of his hearing, the court could not quarrel with the "age" cate-

---

1. Review of disability benefit decisions rendered by the Secretary requires courts to engage in two levels of review: (1) substantiality of evidence review and (2) remand review. *Holguin v. Harris,* 480 F.Supp. 1171, 1175 (N.D. Cal.1979).

In review of the substantiality of the evidence, a court is limited to the sole question of whether or not the findings of the Secretary are supported by substantial record evidence. *Chavies v. Finch,* 443 F.2d 356, 357 (9th Cir. 1971). Such findings of fact by the Secretary in a Social Security disability benefit claim proceeding are conclusive if they are supported by substantial evidence. *Harmon v. Finch,* 460 F.2d 1229 (9th Cir.1972), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 571, 34 L.Ed.2d 515 (1972), *reh. denied,* 410 U.S. 918, 93 S.Ct. 971, 35 L.Ed.2d 281 (1973).

However, while most cases involve the substantiality of evidence review, 42 U.S.C. § 405(g) also authorizes federal courts to en-

gage in remand review. *See, Park v. Harris,* 614 F.2d 83 (5th Cir.1980). It is at this level of review that the relaxed standard of "good cause" is to be utilized by the reviewing court. *See, Kemp v. Weinberger,* 522 F.2d 967 (9th Cir.1975). In the application of the "good cause" standard, a reviewing court exercises broad discretion in its view of administrative denials of benefits. *See, Kerner v. Flemming,* 283 F.2d 916, 920 (2nd Cir.1960).

Factors relevant to "good cause" for remand include (1) the weight of lay evidence of medical impairment in the absence of adequate medical evidence, *Cooney v. Finch,* 300 F.Supp. 818, 821 (W.D.Pa.1969), (2) the development of the evidence by the hearing examiner, *Landess v. Weinberger,* 490 F.2d 1187, 1189 (8th Cir. 1974); and (3) the specificity of the findings of the hearing examiner concerning relevant issues. *Miranda v. Sec. of HEW,* 514 F.2d 996, 999 (1st Cir.1975).

gorization made by the ALJ. A claimant's age at the time of termination of his insured status is controlling. The fact that Mr. Hilliard's insured status would not have expired until a date well beyond the hearing date provides an additional reason why the "age" categorization should not have been accomplished in mechanical fashion.

The actions of the ALJ in mechanically categorizing "age", in an obvious borderline situation, not only contravenes the spirit of § 404.1563(a) of the Secretary's regulations but, more importantly, frustrates the purpose of the Social Security Act.

As of December 14, 1981 Mr. Hilliard would be properly categorized as being of "advanced age". As of that time he also met the special earnings requirement for insured status. It is evident that the appropriate course of action is to remand this matter and allow the Secretary an opportunity to reconsider Mr. Hilliard's situation in light of his advanced age. To affirm the decision of the ALJ would result in Mr. Hilliard needlessly running another administrative and judicial gauntlet to obtain benefits which he may well deserve. Mr. Hilliard's present gauntlet has extended over a four year period and is not yet finished. It would be manifestly unfair to continue it longer than necessary.

For the reasons set forth herein,

IT IS HEREBY ORDERED that the present action be remanded for the purposes of: (1) conducting an evidentiary hearing to determine the transferability of the work skills of the claimant; (2) stating a finding as to the appropriate medical-vocational guideline to be applied to the claimant's situation as of December 16, 1981; and (3) determining, in accordance with the foregoing guideline, whether the claimant was or was not disabled as of December 16, 1981.