Jesse D. CHESTER, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

No. 81–2325–CIV–SPELLMAN.

United States District Court,
S.D. Florida,
Miami Division.

April 25, 1985.

Lyle D. Lieberman, Miami, Fla., for plaintiff.

Pat Kenny, Asst. U.S. Atty., Miami, Fla., for defendant.

## FINAL ORDER

SPELLMAN, District Judge.

Upon review of the Report and Recommendation of United States Magistrate Herbert S. Shapiro, and upon independent review of pertinent parts of the entire record herein, it is

ORDERED AND ADJUDGED that said Report and Recommendation is hereby adopted.

## REPORT AND RECOMMENDATION
March 29, 1985

SHAPIRO, United States Magistrate.

This is a review of a final decision of the Secretary of Health and Human Services denying plaintiff's claim for disability insurance benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g).

Pending for decision are two motions: motion of plaintiff for summary judgment and motion of defendant for judgment on the pleadings. The matter has been referred to the undersigned United States Magistrate for report and recommendation.

Plaintiff filed concurrent applications for Supplemental Security Income (SSI) and Retirement, Survivors, Disability and Health Insurance (RSDHI). The former program is for the needy disabled. There is no requirement that the individual have worked. 20 CFR § 416.110. The latter is for those disabled individuals who have worked a sufficient number of quarters in covered employment.[1] 20 CFR § 404.110. The period for which an individual remains insured is determined by the date last employed, i.e., an individual must work 20 quarters of the last 40 preceeding disability to be covered. Applying that formula in the instant case, the Secretary determined that plaintiff's Date Last Insured (DLI) is September 30, 1980. This date is not disputed. Accordingly, in order to receive RSDHI benefits, plaintiff must demonstrate that he became disabled on or before September 30, 1980.

Plaintiff alleges disability due to hypertension, diabetes and lumbar disc impairment beginning in 1977. The final decision of the Secretary (the Appeals Council decision of March 22, 1984) held that plaintiff was indeed disabled and that such disability had begun on October 30, 1980. This date, of course, was one month *after* plaintiff's DLI and thus RSDHI benefits were denied. The date was selected by the Council because this was the date on which plaintiff turned 50 years old. Under the Grid Rule 201.10, a person with plaintiff's residual functional capacity, education and work experience is considered disabled if he is "closely approaching advanced age" (50–55 years old). The same individual is considered "not disabled" if he is "younger" (45–49 years old). See Rule 201.19, Table No. 1, Appendix 2, Subpart P of 20 C.F.R.

## THE LAW

■ Use of the Medical-Vocational Guidelines in determining disability is appropriate where the criteria of the Grid—age, education, experience and residual functional capacity—match plaintiff's characteristics. *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). With respect to the age factor, the Secretary's regulations specifically provide that the Administration "will not apply these age categories mechanically in a borderline situation". 20 C.F.R. § 404.1563(a). *See also Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984) (must not apply age factor mechanically; age factor of Grid not conclusive as to claimant's adaptability). A borderline situation exists where there would be a shift in results under the Grid caused by the "passage of a few days or months". *Fogg v. Schweiker*, No. 81–1232 (1st Cir., October 13, 1984), *citing*, 43 Fed.Reg. 55359. *Fogg* was adopted by the Secretary as Social Security Ruling (SSR) 82–46c. In footnote 4 of *Fogg*, it is noted that in borderline cases "the Secretary is directed

---

**1.** Generally speaking, RSDHI benefits are significantly higher in amount that SSI benefits.

to apply the guidelines flexibly to avoid dramatic shifts in results". *Id.* at 18.

■ In the instant case, the plaintiff was 49 years, 11 months, at the time his insured status ran out. The Appeals Council, without even discussing plaintiff's borderline age situation, determined that plaintiff was disabled the day he turned 50. Clearly, this can only be seen as a mechanical application of the age factor of the Grid which works a special hardship on the plaintiff whose insurance expired. For that reason, the decision of the Secretary, which contravens her own regulations, must be reversed. The cause should be remanded for an individualized determination of the age factor and for proper consideration of the plaintiff's borderline status. *Rogers v. Schweiker,* 558 F.Supp. 1358, 1360–61 (N.D.Ala.1983); *Hilliard v. Schweiker,* 563 F.Supp. 99, 101–102 (D.Mont.1983).

### RECOMMENDATION

For all the foregoing reasons, it is RECOMMENDED that: (1) the motion of defendant for judgment on the pleadings be DENIED; (2) the motion of plaintiff for summary judgment be GRANTED in part insofar as reversal is sought, and be DENIED insofar as an immediate award of benefits is sought; (3) the decision of the Secretary be REVERSED AND REMANDED.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the parties may serve and file written objections to this report with the Honorable Eugene P. Spellman, United States District Judge, within ten (10) days after being served with a copy of this Report and Recommendation. See *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B 1982).