**Blanche TAYLOR, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. No. 84–0254–B.**

United States District Court, D. Maine.

May 28, 1987.

---

William E. MacDonald, Bangor, Me., for plaintiff.

Timothy C. Woodcock, Asst. U.S. Atty., Bangor, Me., for defendant.

## ORDER REMANDING ACTION TO THE SECRETARY

CYR, Chief Judge.

On February 7, 1983, plaintiff applied for Supplemental Security Income [SSI] and disability insurance benefits, alleging disability from February 28, 1980, by reason of back problems and arthritis.[1] A hearing was held on January 24, 1984, before an administrative law judge [ALJ], and on May 23, 1984, the ALJ found that plaintiff was not entitled to benefits.[2] On August

---

1. Plaintiff filed previous applications for SSI and disability insurance benefits on April 25, 1980. The applications were denied initially and upon reconsideration. On November 30, 1981, an ALJ determined that plaintiff was not disabled, and on April 21, 1982, the Appeals Council affirmed the ALJ. Plaintiff did not seek judicial review of the decision. It has been stipulated in the present case that the prior adverse decision is *res judicata* through April 1982.

2. The ALJ found that the plaintiff, in spite of her impairments, retained the residual functional capacity [RFC] to perform sedentary work, provided she could alternately stand and sit at

23, 1984, the Appeals Council affirmed the ALJ's decision, thus making it the final decision of the Secretary of Health and Human Services [Secretary].

Having exhausted her administrative remedies, plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g). On April 3, 1985, the district court remanded the action to the Secretary, noting that "[p]laintiff does not object to the Secretary's well documented and entirely supportable conclusion that plaintiff retains the RFC to meet the physical demands of her past relevant work as an office receptionist. Rather, plaintiff objects to the Secretary's assessment and evaluation of plaintiff's mental impairment." *Taylor v. Heckler*, Civil No. 84–0254–B, Order Remanding Action to the Secretary, April 3, 1985, p. 4 (footnotes omitted).

In focusing the inquiry on the question of plaintiff's mental impairment, the court noted that the hypothetical questions posed by the ALJ to the vocational expert [VE] did not contemplate plaintiff's mental condition. *See Arocho v. Secretary of Health & Human Services*, 670 F.2d 374, 375 (1st Cir.1982). Consequently, the court remanded the action, stating that the Secretary "shall give full consideration to the question of whether plaintiff retains the ability to meet the mental demands of her past type of work." *Id.* at 15.

On July 23, 1985, the remand hearing was held before the ALJ who had conducted the first hearing. Although the ALJ stated initially that the hearing would be limited to consideration of plaintiff's mental impairment, Record at 342–43, subsequently he took additional testimony from plaintiff regarding the physical demands of her prior job as an office receptionist, Record at 351–56. Plaintiff testified that her job had involved some general office duties, such as billing and filing, in addition to strict receptionist duties. The testimony of the plaintiff in that regard, which is cited in the ALJ's recommended decision, Record at 334, stands uncontradicted and unchallenged.

The ALJ also took testimony from the VE who had testified at the previous hearing, in order to determine whether plaintiff could meet the mental demands of her past work. The VE testified that, based on plaintiff's additional testimony, (1) plaintiff's particular past work had been a "merger" of a receptionist job and general office work, Record at 367; (2) whereas the exertional demand of a receptionist job is sedentary, the exertional demand of general office work is "light with significant reaching and handling," *id.;* and (3) therefore, plaintiff's particular past relevant work required the RFC to do light work, Record at 368.

When asked by the ALJ whether plaintiff could meet the mental demands of her past work, the VE's answer was equivocal. Apparently the VE's uncertainty was based on a statement in the ALJ's hypothetical that "[o]ccasionally [plaintiff] loses her temper and throws things." Record at 361. In an effort to clarify what he perceived to be a misunderstanding, the ALJ informed the VE that "[t]here is not evidence that [plaintiff] ... threw things while she was on the job." Record at 363. The ALJ then quoted from the court's remand order, stating that in her former jobs plaintiff "got along well with the supervisors and co-workers." *Id.* Based on this last statement, the VE testified that plaintiff could meet the *mental* demands of her past relevant work. Record at 364.

On December 24, 1985, the ALJ issued a recommended decision, finding that plaintiff's impairments, both exertional and non-exertional, do not "preclude the performance of the job of office receptionist, as that *sedentary* job is generally performed in the national economy." Finding No. 8, Record at 337 (*emphasis added*). Accordingly, the ALJ concluded that plaintiff was not entitled to SSI or disability benefits. Record at 338. The Appeals Council adopted the recommendation, making it the final decision of the Secretary. Record at 329.

---

will, Finding No. 5, Record at 17, and therefore that plaintiff retained the ability "to perform

her past relevant work as a receptionist and office worker," Finding No. 7, Record at 17.

Upon exhaustion of her administrative remedies, plaintiff once again seeks judicial review of the Secretary's decision pursuant to 42 U.S.C. § 405(g). In her Statement of Specific Errors, plaintiff raises three objections to the ALJ's December 24, 1985 decision: (1) that the ALJ erred in identifying plaintiff's past relevant work as that of receptionist; (2) that the ALJ erred in finding that plaintiff retained the RFC to perform her past work;[3] and (3) that the ALJ's statement in his hypothetical that plaintiff "got along well" with her former co-workers constituted an improper assumption.

On November 12, 1986, the United States Magistrate issued a decision finding that the first two objections were waived on the first appeal and were not within the scope of the court's remand order. Consequently, according to the Magistrate, it was "appropriate for the Administrative Law Judge ... not to reopen the decision on these issues." Recommended Decision, at 3. With respect to plaintiff's third objection, the Magistrate found that the VE's testimony constituted substantial evidence to support the Secretary's decision. *See id.* at 4.

On November 20, 1986, plaintiff filed timely objections to the Magistrate's Recommended Decision. Accordingly, the court undertakes *de novo* review of those portions of the Recommended Decision to which plaintiff objects. 28 U.S.C. § 636(b).

### I.

■ In the earlier decision the ALJ found that plaintiff retained the RFC to perform sedentary work and therefore that she could "perform her past relevant work as a receptionist and office worker." Findings Nos. 5 & 7, Record at 17. In seeking judicial review of that decision, plaintiff did not contend that the ALJ had erred in

classifying plaintiff's past relevant work as that of receptionist, or in finding that plaintiff had the RFC to perform her past relevant work. As a consequence, in its remand order of April 3, 1985, the court stated that "[p]laintiff does not object to the Secretary's well documented and entirely supportable conclusion that plaintiff retains the RFC to meet the physical demands of her past relevant work as an office receptionist," *Taylor v. Heckler, supra* at 4 (footnote omitted).

Normally, the court would not reconsider these issues on judicial review, since they are beyond the terms of the remand order. But the court possesses the inherent power to correct its own order, and has the duty to do so, in the interests of justice. Accordingly, in light of the additional testimony received from the plaintiff and the VE at the remand hearing, but not considered by the ALJ in his recommended decision, the court now exercises its discretion to reconsider these issues in the interests of justice. *See* Fed.R.Civ.P. 54(b).[4]

### II.

The testimony of the plaintiff and the VE at the remand hearing, together with earlier testimony, establishes that: (1) in her particular past job plaintiff was a "combination receptionist, general office clerk," Record at 358; (2) plaintiff's work included a mixture of duties, involving different levels of exertion, both sedentary and light, Record at 368; and (3) plaintiff retains the RFC to perform sedentary work, Finding No. 5, Record at 17.

■ In order to be eligible for disability benefits, it is not sufficient that a claimant show mere inability to return to a *particular* job. Rather, the claimant "must establish an inability to return to her former *type* of work." *Gray v. Heckler,* 760 F.2d

---

3. This issue is closely related to the first. Plaintiff states that because her past work was office worker/receptionist, rather than merely receptionist, the exertional requirement of her past work was "light," rather than "sedentary." Thus, according to plaintiff, the ALJ's determination that plaintiff has the RFC to perform sedentary work does not permit the conclusion

that plaintiff has the RFC to perform her past work.

4. Although the April 3, 1985 order of this court was entered by another judge, it had been authored by the undersigned who accepts full responsibility for the inappropriately narrow scope of the remand order.

369, 372 (1st Cir.1985). The present case poses the interesting problem of determining a claimant's past relevant work where her previous job involved two different kinds of work implicating different exertional demands, one of which is beyond the claimant's RFC.

In *Valencia v. Heckler*, 751 F.2d 1082 (9th Cir.1985), the claimant's previous work involved both "light" and "medium" exertional demands. Claimant retained the RFC to perform "light" work. The *Valencia* court stated that "[e]very occupation consists of a myriad of tasks" and that "[t]o classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act." *Id.* at 1086.

The statute and the regulations prescribe a sequential evaluation in disability determinations. Before the Secretary may consider claimant's "work experience," which is incorporated in the "grids," *see* 20 C.F.R. Part 404, Subpart P, Appendix 2, the Secretary must first determine whether claimant can perform her previous work. The *Valencia* court opined that the Secretary's contention that a claimant may be found capable of performing her past relevant work merely on the basis that she can perform *some of the tasks* associated with that work "collapses the two separate inquiries into one and would, in large numbers of cases, eliminate the use of the recently adopted grids," *id.* at 1087. The court concluded that "[w]here an individual cannot perform any of [her] previous jobs, but only one or more tasks associated with those jobs, the first of the two inquiries required by the statute must be resolved in the claimant's favor." *Id.*

The same issue is addressed in *Rogers v. Schweiker*, 558 F.Supp. 1358 (D.Ala.1983), a case whose facts are similar to those in the present case. In *Rogers* the claimant's previous job as a cashier required some light stock work. The ALJ determined that the claimant no longer possessed the RFC for light work, but was capable of sedentary work. On the ground that the claimant could work as a sedentary cashier, the ALJ ruled that the claimant was able to return to her past relevant work.

In remanding the case, the *Rogers* court stated that "[t]wo positions which share the same title and have certain activities in common are not the same 'kind of work' where one requires a different functional capacity from the other." *Id.* at 1360. Finding that "[a] sedentary cashier's position is not the same 'kind of work' as a cashier's job that involves light exertion because the latter job requires a greater functional capacity than the former," the court held that the claimant could not perform her past relevant work. *Id.*

Plaintiff's past relevant work implicated some "light" exertional demands. Plaintiff retains the RFC to perform "sedentary" work. On the present record, plaintiff is not able to perform her past relevant work within the meaning of 20 C.F.R. § 404.-1520(e).

### III.

The court vacates the decision of the Secretary and remands the case for further consideration. On remand the Secretary shall consider plaintiff's RFC and her age, education, and work experience to determine whether she retains the ability to perform other work in the national economy within the meaning of 20 C.F.R. § 404.-1520(f).

Should the Secretary determine that the plaintiff is able to perform other work in the national economy, the Secretary shall consider plaintiff's combination of impairments, both exertional and nonexertional,[5] and shall obtain the testimony of a vocational expert. Plaintiff shall be afforded an opportunity to be heard.

Accordingly, it is hereby ORDERED that the decision of the Secretary is VACATED and the cause is REMANDED to the Secre-

---

**5.** This order does not disturb either the ALJ's prior finding that plaintiff retains the RFC to perform sedentary work, provided she can alternately stand and sit at will, or the ALJ's treat- ment of the medical evidence with respect to plaintiff's mental impairment. Nor does the order preclude further exploration of those issues at the administrative level.

tary for further proceedings in accordance herewith.