Earl G. MARTIN, Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.

No. 89–1545.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1990.

Decided April 10, 1990.

Timothy C. Harlan, Columbia, Mo., for appellant.

Janet Braggs, Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and FLOYD R. GIBSON and ROSS, Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

Earl G. Martin appeals from an order of the district court [1] which adopted the report of the magistrate [2] denying his claim for social security disability benefits. The district court held that substantial evidence existed in the record as a whole to sustain the ALJ's finding that Martin could return to his past relevant work and thus was not disabled. On appeal, Martin argues that the Secretary erred in finding that he can return to his past relevant work. For the reasons explained below, we affirm the decision of the district court.

## I. BACKGROUND

Earl Martin is a 62 year old man, 5'6" tall, weighing 175 pounds. He has an eighth grade education. His prior employment includes work as a maintenance mechanic. This type of work is classified as heavy work and involves a considerable amount of bending, stooping, and climbing. In 1974, Martin underwent back surgery which included a spinal fusion. When he returned to work he was placed on light jobs. At the time of the onset of his alleged disability, he was working as a stockroom attendant.

Martin claims that he has been disabled since April 1984 due to a back condition, hypertension, and swelling in his legs. He has not worked since that time. The ALJ found that Martin has the residual functional capacity to perform the full range of sedentary work. The ALJ further found, based on a vocational expert's testimony, that stockroom attendant jobs exist at both the light and sedentary level. Thus, the ALJ concluded that Martin is able to return to his past relevant work as a stockroom attendant. The Appeals Council declined to review the ALJ's decision. On judicial review, the magistrate recommended that the Secretary's motion for summary judgment be granted. The district court adopted that recommendation. This appeal followed.

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. The Honorable William Bahn, United States Magistrate for the Eastern District of Missouri.

## II. DISCUSSION

The Social Security Act sets out the criteria by which a claimant's request for disability payments is evaluated. The Secretary has established a five-step sequential process for the ALJ to use in evaluating applications. *See Bowen v. City of New York*, 476 U.S. 467, 470–73, 106 S.Ct. 2022, 2024–26, 90 L.Ed.2d 462 (1986). At step four, the ALJ is required to evaluate whether or not the claimant is able to return to his past relevant work. If the claimant is found to be able to do so, then he is considered not disabled and is ineligible for benefits. *Id.* at 471, 106 S.Ct. at 2025.

■ In determining whether a claimant can perform his past relevant work, the Secretary may consider any work that was done in the prior 15 years that lasted long enough for the claimant to learn to do the work and that was substantial gainful activity. *See Nimick v. Secretary of Health and Human Services*, 887 F.2d 864, 866 n. 3 (8th Cir.1989); 20 C.F.R. § 404.1565(a) (1989). In the present case, while the record does not specifically state when Martin began his stockroom attendant's position, the evidence supports a reasonable inference that this position began when he returned to work after his 1974 back surgery. He continued to work at that job until 1984. This work falls within the 15 year past history that the ALJ may consider and continued for a significant period of time. It can hardly be argued that the duration was insufficient to enable the appellant to adequately learn the skills necessary to perform the occupation. Nor can it be fairly disputed the employment was gainful. Thus, we conclude that the ALJ properly considered Martin's job as stockroom attendant in his evaluation of past relevant work.

■ The ALJ is required to evaluate whether the claimant is able to perform his past work in light of his residual functional capacity. Residual functional capacity ("RFC") involves a medical evaluation of physical, mental, and other impairments. *See* 20 C.F.R. § 404.1545(a) (1989). In addition to any formal medical evidence, the ALJ may consider other evidence of any limitations, which may include testimony by the claimant himself. *Id.* The ALJ then evaluates whether the claimant still has the ability to perform his past work in view of the remaining functional capacity. This decision is often critical and " 'every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.' " *Nimick*, 887 F.2d at 866 n. 2 (quoting Social Security Regulation No. 82–62, Soc.Sec. Rep. 809,812 (West 1983)).

■ Martin contends that he can be found able to return to his past relevant work only if he is now able to perform it as he in fact performed it in the past. Applying that test, Martin claims that he is not able to return to his past relevant work because his stockroom attendant job required light exertion while he is now able to perform only sedentary work. He claims that the fact that stockroom attendant jobs exist at both the light and sedentary levels is beside the point; he must be found able to perform his prior work as he performed it in the past. He alleges that this interpretation of past relevant work is supported by the holding in *Rogers v. Schweiker*, 558 F.Supp. 1358 (N.D.Ala. 1983).

In the *Rogers* case, the court found that the ALJ erred in finding the claimant not disabled. While the ALJ found that the claimant did not retain the RFC to do her particular prior job as cashier, he nonetheless found that she could return to the kind of work which she previously had done. *Id.* at 1359–60.

The district court's analysis of the ALJ's decision emphasized that "[t]wo positions which share the same title and have certain activities in common are not the same 'kind of work' where one requires a different functional capacity from the other." *Id.* at 1360. Thus, the court found that the decision that the claimant could perform her past relevant work required evidence that the claimant was able to actually perform the work in question. *Id.*

As Martin points out, under the Social Security Administration's regulations, one test which the ALJ may apply in determining whether or not a claimant retains the capacity to perform prior work is a test similar to that applied in *Rogers*. Social Security Regulation 82–61 provides that a claimant can return to past relevant work when he can perform "[t]he actual functional demands and job duties of a particular past relevant job...."

However S.S.R. 82–61 goes on to provide a second method by which the ALJ may evaluate the claimant. The claimant may also be found able to perform past relevant work if he retains the RFC to perform the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." The two tests are clearly meant to be disjunctive. If the claimant is found to satisfy either test, then a finding of not disabled is appropriate.

We choose to follow the test stated in S.S.R. 82–61 and thus reject the holding in *Rogers* that a claimant who cannot perform a particular past relevant job cannot perform his past relevant work. We note that the holding in *Rogers* has been rejected by a number of circuits and in fact has been discredited in its own circuit. *See Jackson v. Bowen*, 801 F.2d 1291, 1293–94 (11th Cir.1986) (claimant must show an inability to return to former *type* of work; thus, claimant who could not perform particular past job still held able to return to past relevant work because he could perform that type of work); *Studaway v. Secretary of Health and Human Services*, 815 F.2d 1074, 1076 (6th Cir.1987) (claimant held able to return to past relevant work where, although unable to perform past custodial job at medium level as he had before, he could perform custodial job at light level); *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir.1986) ("claimant has the burden of proving an inability to return to his former *type* of work and not just to his former job"); *Orlando v. Heckler*, 776 F.2d 209, 215 (7th Cir.1985) (expressly adopting S.S.R. 82–61); *Gray v. Heckler*, 760 F.2d 369, 372 (1st Cir.1985) (ALJ did not err in failing to elicit specific testimony about

past job because the relevant consideration is the past *type* of work); *DeLoatche v. Heckler*, 715 F.2d 148, 151 (4th Cir.1983) (claimant must show inability to perform past type of work, not simply prior job); *Jock v. Harris*, 651 F.2d 133, 135 (2nd Cir.1981) (same).

■ Thus, we reject Martin's argument that he cannot return to his past relevant work as a stockroom attendant because his past job required light exertion while he is now capable only of sedentary work.

■ Having disposed of Martin's legal argument, our inquiry in this case becomes whether there is substantial evidence in the record as a whole to support the ALJ's findings that Martin can perform sedentary work and that his past relevant job of stockroom attendant can vary in exertional capacity from light to sedentary. Based on the record, we are convinced that the ALJ's decision is adequately supported. In fact, Martin does not appear to challenge either of the ALJ's factual findings. In this appeal he makes only the legal argument discussed above regarding the analysis for past relevant work.

At oral argument the issue arose regarding the use of the medical-vocational guidelines. Martin contends that the use of these guidelines requires a finding of disability. Whether it is proper for the ALJ to use the medical-vocational guidelines versus testimony by a vocational expert is applicable at step five of the evaluation. This occurs only subsequent to a determination that the claimant is not capable of performing his past relevant work at step four. Since we find that the decision of the ALJ regarding claimant's ability to perform his past work is supported by substantial evidence, it is not necessary to consider appellant's additional arguments.

## III. CONCLUSION

In sum, we hold that the Secretary's decision that Martin can return to his past relevant work is supported by substantial evidence in the record as a whole. We reject Martin's argument that a claimant shows an inability to return to past rele-

**654**

vant work by showing an inability to perform the past work as it was actually performed in the past.

The decision of the district court is affirmed.