Danny B. JOHNSON, Plaintiff,

v.

Jo Anne BARNHART, Comm. of Social Security, Defendant.

No. CIV.A.4:03 CV 41.

United States District Court,
W.D. Virginia.
Danville Division.

Aug. 3, 2004.

James Willard Greer, J. Willard Greer, P.C., South Boston, VA, for Plaintiff.

Julie C. Dudley, United States Attorneys Office, Roanoke, VA, for Defendant.

## MEMORANDUM OPINION

WILSON, Senior District Judge.

Before the court is Plaintiff Johnson's appeal of the final decision of the Commissioner of the Social Security Administration finding that Johnson is not eligible to receive disability benefits. On the defendant's motion for summary judgment, Magistrate Judge Crigler recommended that the Administrative Law Judge's determination, which was adopted as final by the SSA Appeals Council, be reversed and that the case be remanded to the Commissioner for further proceedings. I have reviewed Judge Crigler's Report and Recommendation and the defendant's objections to it (the plaintiff did not respond), the ALJ's decision, and the record of the plaintiff's hearing which includes his medical file. For the reasons stated below, I find the Commissioner's objections to be well-taken, and therefore I reject the recommendation to deny the defendant's motion for summary judgment. The ALJ's denial of disability benefits at Step 4 of the sequential evaluation of Johnson's disability determination is thus affirmed.

## I. Framework for Evaluating Disabilities Applied to Johnson's Claim

The Social Security Administration has erected a five-step process for ALJs to determine whether a claimant for disability benefits is disabled. 20 CFR 404.1520(a)(4)(i)-(v) (2004); *Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir.1995).

At Step 1, if the claimant is gainfully employed, he is not disabled and the inquiry stops. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir.1992). Johnson is not employed, so the inquiry proceeds to Step 2.

At Step 2, if the claimant's impairment or combination of impairments are not "severe," the claimant is not disabled. *Id.* The ALJ's determination that Johnson's impairments are severe has not been questioned, so the inquiry proceeds to Step 3.

At Step 3, if the claimant's impairment meets a regulatorily defined criteria, he is disabled and the inquiry stops. Benefits will issue. *Id.* Again, the ALJ's determi-

nation—here, that Johnson's impairment does not meet or exceed those listed in the SSA regulations—has not been questioned, so the inquiry continues.

At Step 4, the ALJ examines whether the claimant, despite his impairment, can perform past relevant work. If so, he is not disabled and the inquiry ends. *Id.* The ALJ found that though Johnson could not perform the particular requirements of his past job, Johnson could do the job as it is generally performed in the national economy. That is, the ALJ considered the applicable "past relevant work" not to include the extra exertion the plaintiff avers was required of his particular job (and which the ALJ found Johnson could no longer perform), but only the light level of exertion required of those holding similar jobs in the general economy (which the ALJ determined Johnson could perform). Thus, the crux of the issue before the court is whether the ALJ's Step 4 inquiry into a claimant's "past relevant work" is particular to the requirements of the claimant's job, or whether "past relevant work" encompasses the exertion usually demanded of employees with the same job title.

At Step 5, the burdens of production and proof shift from the claimant to the Commissioner. The Commissioner must show that the claimant's residual functional capacity, his age, experience, and education enable him to transition into other work. If not, then the claimant is considered disabled. *Id.* The ALJ found Johnson not disabled at Step 4, and therefore did not reach Step 5.

## II. Factual Background; ALJ's Decision; Magistrate Judge's Report and Recommendation

Plaintiff Johnson worked as a security guard at Wal–Mart for approximately three years before his back was injured in an auto accident on April 13, 2000. Based on his testimony, Johnson's job required that he not only frequently reconnoiter the interior of the store and its grounds and interdict shoplifters, but also that he occasionally help purchasers load heavy items such as furniture and televisions into their vehicles.

Over the eighteen months following the auto accident, Johnson was treated with various medications and forms of physical therapy, and he underwent lumbar surgery. Johnson applied for disability benefits on December 19, 2000. He never returned to work.

Initially denied benefits, Johnson sought reconsideration before an ALJ. After marshaling the relevant medical evidence and conducting a hearing, on August 9, 2002, the ALJ denied Johnson's application, finding at Step 4 of the evaluation process that Johnson was not disabled because he could perform past relevant work. Specifically, the ALJ found that although Johnson could no longer perform the lifting required by his previous security guard position at Wal–Mart, the ALJ determined that Johnson could perform the "light level of exertion" demanded of security guards generally in the national economy, as classified in the Dictionary of Occupational Titles (DOT).

The Social Security Administration's Appeals Council denied review of the ALJ decision, making final the ALJ's determination that Johnson was not disabled. Johnson appealed the final agency determination to this court, which sought a report and recommendation from a magistrate judge.

In his June 23, 2004, Report and Recommendation, Magistrate Judge Crigler considered the ALJ's use of the DOT at Step 4 to be in error. In the magistrate's view, the SSA's regulations indicate that "the

DOT is not to be referenced prior to reaching the fifth step of the sequential evaluation." *Report and Recommendation*, at 3. The magistrate continued, "Because all the actual evidence relating to the nature of plaintiff's past work compels a determination that such past relevant work exertionally was more demanding than light work, the Law Judge's decision was not supported by substantial evidence." *Id.* at 4. Noting the extensive treatment Johnson sought, the magistrate recommended that this court reverse the ALJ's Step 4 determination and that the case be remanded to the ALJ for Step 5 analysis. *Id.*

### III. The Commissioner's Objection and This Court's Analysis

The Commissioner timely objected to the Report and Recommendation, arguing that the Step 4 "past relevant work" inquiry concerns whether the claimant can perform his past occupation as it is generally performed, not whether the claimant can still perform the specific requirements of his past job. If "past relevant work" equals "occupation," the Commissioner continued, then consideration of evidentiary resources external to the claimant's particular past position, such as the DOT and vocational expert testimony, is proper.

It appears to this court that differing interpretations of the scope of "past relevant work" inquiry at Step 4 held by the magistrate and the Commissioner stem from the different editions of the CFR used by each. The magistrate evidently referenced the 2003 CFR, while the Commissioner explicitly refers to the 2004 edition of the CFR. The difference is important because 20 CFR 404.1520 ("Evaluation of disability in general.") and 20 CFR 404.1560(b) ("When your vocational background will be considered. Past relevant work.") were significantly altered

on August 26, 2003. The CFR sections explaining the "past relevant work" inquiry in Step 4 were greatly clarified from the 2003 CFR to the 2004 CFR.

The 2003 CFR is ambiguous concerning whether "past relevant work" indicates a particularized or general inquiry. Section 404.1520(e) (2003) ("Your impairment(s) must prevent you from doing past relevant work.") states:

If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find you are not disabled.

Section 404.1520(e) (2003) does not indicate whether "this kind of work" refers to the particularized work of the claimant or to how such work is generally performed. Section 404.1520 (2003) does not include a cross reference to Section 404.1560(b) (2003), but this latter Section is no help in any event. Section 404.1560(b) (2003) merely iterates the phrasing of Section 404.1520(e) (2003):

We will first compare your residual functional capacity with the physical and mental demands of the kind of work you have done in the past. If you still have the residual functional capacity to do your past relevant work, we will find that you can still do your past work, and we will determine that you are not disabled, without considering your vocational factors of age, education, and work experience.

Again, Section 404.1560(b) (2003), suffers the same defect of opaqueness as Section 404.1520(e) (2003). Neither is self-explanatory regarding the scope of the inquiry.

Contrariwise, the combination of Section 404.1520(a)(4)(iv) (2004) and Section 404.1560(b)(2) (2004) is enlightening. Section 404.1520(a)(4)(iv) (2004), which explains Step 4 of the sequential evaluation process, contains the ambiguous "past relevant work" language, but helpfully includes a cross reference to Section 404.1560(b) (2004). Significantly for the case here, Section 404.1560(b)(2) ("Determining whether you can do your past relevant work.") (2004) states:

We will ask you for information about work you have done in the past. We may also ask other people who know about your work. (*See* § 404.1565(b).) We may use the services of vocational experts and vocational specialists, or other resources, such as the "Dictionary of Occupational Titles" and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity."

Unlike the 2003 CFR edition, this language of the 2004 CFR clearly indicates that the "past relevant work" inquiry at Step 4 is, in fact, both a particularized and generalized inquiry. A claimant can be found not to be disabled under either inquiry. First, if the claimant can still perform his particular past job despite his impairment(s), he is not disabled. Second, when, as here, the claimant cannot perform his particular past job, if he can perform his previous work as it is generally performed in the national economy despite his impairment, then he is not disabled. The ALJ in this case thus acted permissibly when he referred to the DOT in determining that Johnson was not disabled because he could perform the light level of exertion normally required of security guards, though Johnson could not perform his particular, more physically demanding job as a Wal–Mart security guard who occasionally loads heavy items into purchasers' cars.

I note that the 2004 CFR did not effect a change in this regard; it merely clarified the ambiguity of the 2003 CFR edition. The Federal Register announcing the clarification of the SSA rules and regulation explains that the new paragraph Section 404.1560(b)(2) (2004) merely incorporates its "longstanding policy interpretation set out in SSR 82–61, 'Titles II and XVI: Past Relevant Work–The Particular Job or the Occupation as Generally Performed,' Social Security Rulings, Cumulative Edition, 1982, p. 185." 68 Fed.Reg. 51153, 51157 (Aug. 26, 2003). The Fourth Circuit entitles Social Security Rulings "deference unless they are clearly erroneous or inconsistent with the law." *Pass v. Chater*, 65 F.3d 1200, 1204 n. 3 (4th Cir.1995). In *Pass*, the Fourth Circuit explicitly approved of SSR 82–61 in finding that "a claimant will be found 'not disabled' if he is capable of performing his past relevant work either as he performed it in the past *or* as it is generally required to by employers in the national economy." *Id.* at 1207 (emphasis in original); *see id.* (quoting *Martin v. Sullivan*, 901 F.2d 650, 653 (8th Cir.1990) (" 'The two tests [in SSR 82–61] are clearly meant to be disjunctive. If the claimant is found to satisfy either test, then the finding of not disabled is appropriate.' ")).

## IV. Conclusion

Having determined that use of the DOT is appropriate at Step 4 and that the "past relevant work" inquiry includes how a job is generally performed in the national economy, I concur with the ALJ that there is substantial evidence in the record to find that Johnson can perform, per the DOT, the "light level of exertion" generally required of security guards. The medical

reports of Drs. Suh and Price so indicate. Johnson is not disabled, and therefore is not entitled to disability benefits.