Orlando LEYBA, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security,[1] Defendant.

No. Civ. 94–1307–M/JHG.

United States District Court, D. New Mexico.

April 9, 1996.

1. Effective March 31, 1995, the functions of the Secretary of Health and Human Services were transferred to the Commissioner of Social Security. P.L. No. 103–296. Pursuant to Fed.R.Civ. Pro. 25(d), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

## ORDER

MECHEM, District Judge.

This matter is before the Court on the Proposed Findings and Recommended Disposition of the United States Magistrate Judge. Objections have been filed to the Proposed Findings and Recommended Disposition and the Court has made a *de novo* determination of those portions of the Proposed Findings and Recommended Disposition at which the objections were directed. The Court finds the objections to be without merit.

**THEREFORE,**

**IT IS ORDERED** that the Proposed Findings and Recommended Disposition of the United States Magistrate Judge are adopted by this Court.

**IT IS FURTHER ORDERED** that the motion to remand for a rehearing is granted.

**IT IS FURTHER ORDERED** that this matter is remanded to the Commissioner for a more individualized determination of Leyba's appropriate age category; for vocational expert testimony at step five; and for express analysis of the issue of whether the combined effects of Leyba's impairments would warrant a finding of disability within the meaning of the Social Security Act.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

GALVAN, United States Magistrate Judge.

### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

## PROPOSED FINDINGS

1. Plaintiff (Leyba) invokes this Court's jurisdiction under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner). The Commissioner determined Leyba is not eligible for disability insurance benefits or supplemental security income. Leyba moves this Court for an order reversing and remanding this matter to the Commissioner for a rehearing. This Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making her decision. *Washington v. Shalala,* 37 F.3d 1437, 1439 (10th Cir.1994).

### Administrative History

2. Leyba's applications for disability insurance benefits and supplemental security income were denied at the administrative level both initially and on reconsideration. Leyba requested and received *de novo* review before an administrative law judge (ALJ). The ALJ held a hearing on July 7, 1993, at which Leyba and his attorney appeared. On June 16, 1994, the ALJ found that Leyba was not disabled within the meaning of the Social Security Act. On October 14, 1994, the Appeals Council denied Leyba's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.

### Statement of Facts

3. Leyba filed his applications for disability insurance benefits and supplemental security income on August 3, 1992, alleging disability since September 4, 1987, (amended at the administrative hearing to July 1, 1989) due to back problems, eye problems, ear problems and dizziness. Tr. 48, 63, 82. He was 53 years old at the time of the administrative hearing, had an-eighth grade education, and some vocational training as a meat cutter. Tr. 45–46. He had worked as a cook and a preparation cook. Tr. 26.

### The Decision of the Commissioner

4. The ALJ determined that Leyba had not engaged in substantial gainful activity since his amended onset date. Tr. 30. At step two, the ALJ found Leyba suffered from the severe impairments of alcohol abuse preceding the onset date in remission for six years, mild degenerative disc disease of the lumbar spine, mild facet osteoarthritis in the lower lumbar levels, mildly and diffusely osteogenic vertebral bodies, bad vision correctable to 20/20, dysthymia, and a history of tempatic membrane surgery. Tr. 28–29. At step three, the ALJ determined Leyba had no impairment or combination of impairments which met or equalled the listings. Tr. 29. At step four, the ALJ determined while Leyba was not able to perform his past relevant work, he did retain the residual functional capacity to perform at a minimum, the full range of light work. Tr. 31. The ALJ found Leyba's recitations of pain and functional limitations were highly exaggerated, not borne out by the medical evidence and lacked credibility. Tr. 30. Then, at step five, relying on the grids, the ALJ determined Leyba was not disabled within the meaning of the Social Security Act. Tr. 31.

### Discussion

5. The function of this Court on review is not to try the plaintiff's claim *de novo,* but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence and whether she applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497–98 (10th Cir.1992). The district court should not blindly affirm the Commissioner's decision, but must instead scrutinize the entire record to determine if the decision is supported by substantial evidence and if the law was correctly applied. *Hogan v. Schweiker,* 532 F.Supp. 639, 642 (D.Colo.1982).

6. Substantial evidence is more than a mere scintilla. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Andrade v. Secretary of Health and Human Services,* 985 F.2d 1045, 1047 (10th Cir.1993). Failure to apply correct legal standards also constitutes grounds for reversal. *Id.*

7. The Social Security Administration has promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920 (1992). At the first three levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404,Subpt. P, App. 1 (1992).

8. If the plaintiff cannot show that he has met or equalled a listing, he must show at step four that he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920 (1992). At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.* If a determination of disability is made at any step, further inquiry is not required. *Id.*

9. In this case, the ALJ determined that Leyba had not engaged in substantial gainful activity since his amended onset date. Tr. 30. At step two, the ALJ found Leyba suffered from the severe impairments of alcohol abuse preceding the onset date in remission for six years, mild degenerative disc disease of the lumbar spine, mild facet osteoarthritis in the lower lumbar levels, mildly and diffusely osteogenic vertebral bodies, bad vision correctable to 20/20, dysthymia, and a history of tempatic membrane surgery. Tr. 28–29. At step three, the ALJ determined Leyba had no impairment or combination of impairments which met or equalled the listings. Tr. 29. At step four, the ALJ determined while Leyba was not able to perform his past relevant work, he did retain the residual functional capacity to perform at a minimum, the full range of light work. Tr. 31. The ALJ found Leyba's recitations of pain and functional limitations were highly exaggerated, not borne out by the medical evidence and lacked credibility. Tr. 30. Then, at step

five, relying on the grids, the ALJ determined Leyba was not disabled within the meaning of the Social Security Act. Tr. 31.

10. Leyba argues the ALJ improperly applied the grids in light of his age; the ALJ's finding the he had no severe mental impairment is not supported by substantial evidence; and the ALJ failed to consider his impairments in combination.

11. Leyba first contends the ALJ improperly applied the grids. Specifically he argues the ALJ should have placed Leyba in the advanced age category and applied 20 C.F.R., pt. 404, Subpt. P., App. 2, Table No. 2, Rule 202.01 (202.01). Instead, the ALJ placed Leyba in the closing approaching advanced age category and applied 20 C.F.R., pt. 404, Subpt. P., App. 2, Table No. 2, Rule 202.10 (202.10). This categorization was crucial in Leyba's case. If the ALJ applied 202.01, rather than 202.10, the grids would have dictated that Leyba was disabled, rather than not disabled. Grid rule 202.01 applies to persons 55 years of age and older. The ALJ issued his decision on June 16, 1994. Leyba reached his fifty-fifth birthday on October 3, 1994.

12. The ALJ may not apply the grid age categories mechanically in borderline situations. *Turner v. Heckler* 754 F.2d 326, 329 (10th Cir.1985) (citing 20 C.F.R. 404.1563(a)). Leyba presented a borderline age situation in that he was only three and a half months shy of his fifty-fifth birthday on the date the ALJ issued his decision. *Davis v. Shalala,* 883 F.Supp. 828 (E.D.N.Y.1995). Since Leyba presented a borderline age situation, the ALJ should not have mechanically applied the grids to deny benefits. *Kane v. Heckler,* 776 F.2d 1130, 1133 (3d Cir.1985). Instead, Leyba's situation called for a more individualized determination of the appropriate age category. *Id.* A remand is thus required for a more individualized determination of his appropriate age category.

13. Leyba next claims the ALJ's finding he had no severe mental impairment is not supported by substantial evidence. The ALJ's decision indicates the he did in fact find that Leyba had a severe mental impairment which did not meet the listings. Tr. 28–29, 32–34. Substantial evidence of record

clearly supports a finding of a severe mental impairment which affected Leyba's ability to function. Tr. 220–222.

14. When a severe mental impairment which does not meet the listings is present, the determination of mental residual functional capacity is crucial to evaluation of an individual's capacity to engage in substantial gainful employment. *Cruse v. U.S. Dept. of Health & Human Services,* 49 F.3d 614, 619 (10th Cir.1995). When, as in this case, both exertional and non-exertional impairments diminish a claimant's residual functional capacity, the Commissioner must produce expert vocational testimony to establish the existence of jobs in the national economy. *Id. (citing Hargis v. Sullivan,* 945 F.2d 1482, 1491 (10th Cir.1991)). In this case, the ALJ did not obtain testimony from a vocational expert. Therefore, his determination at step five is not supported by substantial evidence. On remand, the ALJ should produce vocational expert testimony at step five to determine whether Leyba is disabled.

15. Finally, Leyba argues the ALJ failed to consider his impairments in combination. The Commissioner must consider the combined effects of impairments which may not be severe individually, but which in combination may constitute a severe medical disability. *Hargis v. Sullivan,* 945 F.2d at 1491. On remand, the ALJ should expressly analyze the issue of whether the combined effects of Leyba's impairments would warrant a finding of disability within the meaning of the Social Security Act.

### RECOMMENDED DISPOSITION

The motion to remand for a rehearing should be granted. This matter should be remanded to the Commissioner for a more individualized determination of Leyba's appropriate age category; for vocational expert testimony at step five; and for express analysis of the issue of whether the combined effects of Leyba's impairments would warrant a finding of disability within the meaning of the Social Security Act.