UNITED STATES COURT OF APPEALS
**Filed 8/14/96**
FOR THE TENTH CIRCUIT

VAL VESTER DEAN,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

      Defendant-Appellee.

No. 95-7172
(D.C. No. CV-94-627-B)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's judgment affirming the Secretary's determination that he is not disabled and, therefore, not entitled to supplemental security income benefits. On appeal, plaintiff argues that the Secretary's determination that he has the residual functional capacity (RFC) to perform a significant number of unskilled, light jobs is not supported by substantial evidence. We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the administrative record viewed as a whole and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). We affirm in part but remand on the mental impairment issue plaintiff raises.

Plaintiff alleges disability due to the combined effects of breathing problems, ulcers, back and neck pain, chest pain from a heart condition, and borderline intelligence. The Secretary denied benefits initially and on reconsideration. After holding an administrative hearing, the administrative law judge (ALJ) also denied benefits. The ALJ determined that plaintiff is impaired by a degenerative change in his lumbar spine, which reduces his ability to work, but he retains the

RFC to do a full range of light, unskilled work available in the national economy. Also, the ALJ determined plaintiff does not have nonexertional impairments severe enough to compromise his RFC. Accordingly, the ALJ concluded plaintiff is not disabled and denied benefits at step five of the controlling sequential analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing five-step analysis set out in 20 C.F.R. § 416.920). After the Appeals Council denied review, making the ALJ's decision the final decision of the Secretary, plaintiff sought judicial review in the district court. The district court affirmed, and plaintiff appealed.

First, plaintiff argues that the ALJ's finding that he had no cardiac condition impairing his RFC is not supported by substantial evidence. Plaintiff asserts the ALJ misstated testimony and made incorrect observations from the medical record. Although the record shows that plaintiff has been diagnosed with a cardiac condition, none of his treating physicians reported that his cardiac condition affected his RFC or restricted his activities.[1] Thus, the ALJ did not, as

---

[1] On August 26, 1992, Dr. Kirk noted a heart murmur. II App. 316. After a consultative examination on April 26, 1993, however, Dr. Strom reported that plaintiff's heart had a regular rate and rhythm without murmur. Id. at 301. Recognizing plaintiff's complaints of chest pain, Dr. Strom did not rule out ischemic cardiovascular disease. Id. at 302. After hospitalization in July 1993, plaintiff was diagnosed with coronary artery disease with angina pectoralis. Id. at 337. There was no heart murmur, and his EKG and lab work were "essentially normal." Id. at 337-38. As of December 14, 1993, Dr. Barris reported plaintiff's

(continued...)

-3-

plaintiff suggests, impose his own opinion for the medical evidence.  See Gay v. Sullivan, 986 F.2d 1336, 1339 (10th Cir. 1993).  We conclude the ALJ's determination that plaintiff's cardiac condition did not significantly impair his RFC is supported by substantial evidence.

Plaintiff also argues there is not substantial evidence to support the ALJ's finding that he does not suffer from a respiratory impairment.  Again, plaintiff contends that the ALJ did not give specific, legitimate reasons for disregarding the treating doctors' opinions and substituting his own opinion.  The record, however, does not show that plaintiff suffered from a pulmonary impairment significantly restricting his RFC.  Although he was diagnosed with mild chronic obstructive pulmonary disease, his pulmonary function studies were normal, and his medical history shows only occasional shortness of breath.  II App. 301-02; cf. id. at 23-24, 320, 338.  No doctor suggested plaintiff's respiratory condition limited his activities or affected his RFC.  Nothing indicates the ALJ rejected plaintiff's treating doctors' opinions and substituted his own opinion.  The record

_____

[1](...continued)
cardiac status was good and his prognosis was good with continued treatment.  Id. at 357.  Also, the evidence indicated plaintiff's chest pains are usually relieved with nitroglycerine.  Id. at 88-89 (plaintiff's wife's testimony); id. at 356 (plaintiff's description of relief from chest pain to Dr. Barris); see also Plaintiff's Opening Brief before the district court at 11 (conceding nitroglycerine relieves his chest pain).

supports the determination that plaintiff's respiratory condition did not significantly impair his RFC.

Next, plaintiff argues that the ALJ failed to evaluate his mental impairment of borderline intelligence as required by 20 C.F.R. § 416.920a and the listings, 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00, and failed to prepare a Psychiatric Review Technique (PRT) form. In evaluating a mental impairment allegedly preventing the plaintiff from working, the ALJ <u>must</u> follow special procedures and prepare a PRT form. 20 C.F.R. § 416.920a; <u>Cruse v. United States Dep't of Health & Human Servs.</u>, 49 F.3d 614, 617 (10th Cir. 1995). Because the ALJ failed to do so we must remand for the ALJ to follow the special procedures and prepare the PRT form.

Plaintiff finally asserts that because the ALJ failed to properly evaluate his RFC, the ALJ improperly relied on the Medical-Vocational Guidelines (grids), 20 C.F.R. pt. 404, subpt. P, app. 2; 20 C.F.R. § 416.969, to determine that plaintiff was not disabled. He contends the ALJ should have called a vocational expert to testify and also erred in mechanically applying the age categories to deny benefits when plaintiff was of a borderline age. The government argues that these issues are newly raised on appeal and should not be considered. <u>See</u> <u>Crow v. Shalala</u>, 40 F.3d 323, 324 (10th Cir. 1994) ("[a]bsent compelling reasons," especially when

claimant is represented by counsel, this court does not consider arguments not before the district court).

Because the ALJ must reconsider plaintiff's alleged mental impairment, we do not consider whether the ALJ properly relied on the grids. The ALJ must determine whether to apply the grids or to obtain vocational testimony after making appropriate findings upon remand. Only if the ALJ determines plaintiff has no significant impairments affecting his RFC may the ALJ apply the grids without calling a vocational expert to testify. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995).

Although we do not decide whether the grids apply, we recognize that plaintiff was not of a borderline age at the time of the ALJ hearing. He was fifty-three years old, in the middle of the closely approaching advanced age category. See 20 C.F.R. § 416.963(c) (closely approaching advanced age category includes ages fifty to fifty-four); see also Kane v. Heckler, 776 F.2d 1130, 1133 (3d Cir. 1985) (a few days or months short of lower age limit of next category should not preclude favorable disability determination). Thus, the ALJ did not err in placing plaintiff in the closely approaching advanced age category. See Harrell v. Bowen, 862 F.2d 471, 479 (5th Cir. 1988) (Secretary has discretion to determine when situation is borderline).

AFFIRMED in part, but REMANDED to the district court with directions to remand to the Commissioner for further findings by the ALJ, who is to reconsider the disability determination after properly assessing plaintiff's mental impairment.

Entered for the Court

James K. Logan
Circuit Judge
