Ernest FORD, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

No. 83–9–CIV–7.

United States District Court, E.D. North Carolina, Wilmington Division.

Aug. 30, 1983.

Kenneth B. Hatcher, Wilmington, N.C., for plaintiff.

Samuel T. Currin, U.S. Atty., E.D.N.C., Raleigh, N.C., for defendant.

## ORDER

DUPREE, Chief Judge.

Plaintiff, Ernest Ford, brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Secretary of Health and Human Services denying his claim for a period of disability and disability insurance under Title II and Title XVIII and for supplemental security income under Title XVI of the Act. The action is before the court on cross-motions for summary judgment.

Plaintiff filed his applications for social security benefits on June 26, 1981, which were denied both initially and upon reconsideration. Pursuant to his request, a hearing was held before an administrative law judge (ALJ) who, on July 23, 1982, deter-

mined that plaintiff was not under a disability as defined by the Act. This decision became the final decision of the Secretary upon approval by the Appeals Council on October 12, 1982. Plaintiff then brought this action alleging disability due to trouble with both his right and left leg and eye pain.

At the time of the hearing, plaintiff was a forty-four-year-old male who can only write his name and cannot read. His mathematical skills are limited to adding on his fingers; he cannot subtract. His past employment includes such jobs as janitor, dishwasher and forklift operator. Plaintiff ceased all employment in 1978 because of his leg pains.

Plaintiff's medical problems began in 1963 with the loss of his right leg below the knee when he fell into a piece of farm machinery. Sometime after the accident, plaintiff, now wearing a prosthesis, apparently returned to some form of employment. In 1974 he was struck by a car which caused severe ligament damage to his left knee. This last injury has left his leg unstable with periodic pain and swelling. Dr. F.M. Carroll, who examined plaintiff for the defendant, found plaintiff's left knee unstable with moderate swelling and a poor prognosis for improvement. He also found corneal opacity of the left eye; however, except for pain, there was no indication that this placed any visual limitations on plaintiff. Plaintiff's treating physician, Dr. Charles Nance, along with orthopedic specialist, Dr. James Markworth, confirmed Dr. Carroll's evaluation concerning plaintiff's left leg.

Based upon the record, the ALJ concluded that plaintiff was a younger individual with the residual functional capacity to perform sedentary work as those terms are defined in the regulations. The ALJ further found that plaintiff was functionally illiterate; however, he made no finding regarding plaintiff's previous work experience. Based upon these findings, the ALJ referred to Rule 201.25, Table No. 1, Appendix 2, which directed a finding of not disabled. The ALJ, without more, adopted this as his result.

In a claim for disability benefits, the burden is on plaintiff to prove disability. 42 U.S.C. § 423(d)(5). Once plaintiff makes a prima facie showing of a medically determinable impairment which prevents him from returning to his past work, the burden shifts to the Secretary to show that plaintiff has the capacity to perform an alternative job which exists in the national economy. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981). In this instance, the ALJ found that plaintiff was unable to return to his past work. It therefore became incumbent upon the Secretary to show not only that plaintiff had the residual capabilities to perform an alternative job but also that this specific job exists in the national economy. *Id.* This the Secretary has not done.

In reaching his conclusion that plaintiff was not disabled, the ALJ first erred as a matter of law by relying on the wrong rule. Plaintiff was found to be illiterate. He can only add on his fingers and cannot subtract. The only writing he can do is his name and he has no reading ability. He could not even read the notice to attend the administrative hearing. Based on these facts, the ALJ found plaintiff to be illiterate, and this decision is certainly supported by substantial evidence. However, Rule 201.25 upon which the ALJ relied applies to persons with a limited education or less.

A limited education is defined in 20 C.F.R. § 404.1564(b)(3) as ability in reading, arithmetic, and language to do more complex jobs with generally between seven to eleven years of formal education. Plaintiff clearly does not meet this definition. Nor does he fall within the definition of marginally educated which requires ability and reasoning, arithmetic and language to perform unskilled jobs. 20 C.F.R. § 404.1564(b)(2). Although the Secretary generally considers six years or less of formal education as marginal, *id.,* substantial evidence supports the ALJ's finding, which the

Secretary adopted, that plaintiff was illiterate.[1]

The court, however, cannot apply the appropriate rule of Table 1 because the ALJ failed to find whether plaintiff's previous work experience was skilled, unskilled or semi-skilled. Assuming that the ALJ found plaintiff's work experience to be either skilled or semi-skilled, because that is the corresponding finding under Rule 201.25 upon which the ALJ relied, there is no rule corresponding with plaintiff's capabilities. In such a case, the ALJ must evaluate all factors according to the guidelines established in the regulations. Section 200.00(a), Appendix 2. Because such an analysis was not undertaken by the ALJ, the action must be remanded to determine whether one with plaintiff's residual capabilities can perform alternative work and if such work exists in the national economy. In doing so the use of a vocational expert may be appropriate.

The more troublesome problem with the Secretary's decision is the rote application of the regulations. "[T]he rules *require* that an ALJ *not* apply the age categories mechanically in a borderline situation. *Gory v. Schweiker,* 712 F.2d 929 (4th Cir. 1983) (emphasis added), *citing* 20 C.F.R. § 404.1563(a). Under Rule 201.17, Table 1, Appendix 2, a younger individual between ages 45 and 49 who is illiterate and unskilled is disabled.[2] At the time the ALJ issued his ruling, plaintiff was forty-four years, ten months old, and at the time the Appeals Council rejected plaintiff's claim, he was fifteen days shy of forty-five. Rather than "make an individual assessment of each claimant's abilities and limitations," as required by the regulations, *Heckler v. Campbell,* —— U.S. ——, —— n. 1, 103 S.Ct. 1952, 1954 n. 1, 76 L.Ed.2d 66 (1983), the Secretary mechanically applied

the wrong rule to a situation requiring more attention than it was given.

Accordingly, the action is remanded to the Secretary to make further findings and to re-evaluate plaintiff's claims based upon all of the factors comprising his residual functional capacity.

SO ORDERED.

---

1. A person will be considered illiterate if he is unable to read or write a simple message though he can sign his own name. 20 C.F.R. § 404.1564(b)(1).

2. The court has previously alluded to the fact that the ALJ failed to make a finding regarding plaintiff's previous work experiences. However, plaintiff's previous jobs as a janitor, dishwasher, carpet stacker or forklift operator may very well be classified as unskilled. *See* 20 C.F.R. § 404.1568(a). Upon remand, the Secretary will be permitted to make the appropriate finding.