831 F.2d 296
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harriet PRICE, Plaintiff-Appellee,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellant.
 No. 86-3865.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1987.
 
 Before KEITH and MILBURN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant Secretary of Health and Human Services appeals from the district court's grant of disability benefits to appellee, Harriet Price. For the reasons set forth below, we REMAND this action back to the Secretary in light of new circumstances, pursuant to 42 U.S.C. Sec.405(g).
 
 
 2
 Appellee filed an application for disability benefits pursuant to the Social Security Act, 42 U.S.C. Sec.Sec.216(i) and 223, on October 25, 1984. The Secretary of Health and Human Services denied this application initially and upon reconsideration. A de novo hearing was held before an Administrative Law Judge (ALJ), who also denied the appellee disability benefits on August 30, 1985. The Appeals Council denied appellee's request for review on November 5, 1985.
 
 
 3
 In January 1986, appellee filed an action seeking judicial review of the Secretary's denial of her benefits, contending that the Secretary's decision was not supported by "substantial evidence," the standard required for judicial review of an ALJ's findings. 42 U.S.C. 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971). On July 14, 1986, the magistrate affirmed the ALJ's denial of benefits through July 3, 1986, on the ground that there was substantial evidence to show that appellee was not then disabled. After reaching this decision, however, the magistrate went on to grant appellee a period of disability benefits effective July 4, 1986. The District Court for the Northern District of Ohio adopted the magistrate's decision without opinion. This appeal followed.
 
 
 4
 Appellee is a fifty-year-old woman with degenerative arthritis of the knee, degenerative disc disease of the cervical vertebra and urinary problems, which precluded her from performing her past work as a machine operator. When she first applied for benefits, appellee was 48 years old. At that time, the ALJ concluded that although appellee's impairments would preclude her from being a machine operator, she retained the residual functional capacity for a full range of sedentary work. Based upon that finding, and applying the Social Security grids with respect to age requirements, the ALJ found that the appellee was not entitled to disability benefits. The issue in this case is whether the magistrate exceeded his powers under judicial review by considering the appellee's age as it was at the time he reviewed the case (almost 50), instead of her age as it was at the time of the ALJ's hearing (48 years old).
 
 
 5
 In his decision, the magistrate found that appellee's pain and physical limitations did not preclude her from performing sedentary work, and that the ALJ's finding was therefore supported by substantial evidence. The magistrate went on to note that "[t]he passage of time, however, has altered that picture." He found that because appellant would turn fifty in less than four months, had a limited education, no transferable work skills and was confined to sedentary work, she would soon be considered disabled under the Department's medical-vocational guidelines. The magistrate further argued that because the age categories in the guidelines should not be applied inflexibly, and because he presumed "that [appellant's] condition today is at best the same as it was when the ALJ entered his ruling," appellant should be granted a period of disability benefits effective July 4, 1986.
 
 
 6
 In judicial review of Social Security benefit cases, a district court's power is limited to entering judgments affirming, modifying or reversing final decisions of the Secretary, based upon the pleadings and transcripts of record. 42 U.S.C. Sec. 405(g). A reviewing court has no authority to engage in de novo factfinding. Murphy v. Secretary of Health & Human Services, 801 F.2d 182, 184 (6th Cir. 1986); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Myers v. Richardson, 471 F.2d 1265, 1267 (6th Cir. 1972). In other words, the factual status quo of an application for disability benefits freezes on the date of the ALJ decision; the magistrate may only look at the record as it existed at that time.
 
 
 7
 By considering appellee's age afresh in July 1986, the magistrate went beyond the record before him and engaged in impermissible de novo factfinding and review. Indeed, in determining that the age categories in the Social Security regulations are "flexible," the magistrate considered Ms. Price's age as it was four months shy of her 50th birthday, instead of the 1-1/4 years she had remaining at the time of the ALJ hearing. While the Social Security regulations assure claimants that the Secretary "will not apply these age categories mechanically in a borderline situation," 20 C.F.R. Sec.404.1563(a), no court has held that 1-1/4 years is "borderline." Certainly there is room for negotiation at the margins, but anything beyond a "few months" appears to defy the purposes of the classifications. Kane v. Heckler, 776 F.2d 1130, 1133-34 (3d Cir. 1985).
 
 
 8
 We are not, however, unsympathetic to Ms. Price's situation. We are fully cognizant of the fact that under the age requirements of Table 1, Rules 201.09, 201.10, it is highly probable that Ms. Price can now be categorized as disabled. Thus, it is because of Ms. Price's special circumstances that we consider a remand to be the appropriate remedy. The Social Security Act provides that the reviewing court may remand the case to the Secretary for further action if there is new evidence for the Secretary to consider. The statute provides, in pertinent part:
 
 
 9
 The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both ....
 
 
 10
 Accordingly, pursuant to Rule 405(g), we REVERSE the Magistrate's decision and REMAND the case for the Secretary to re-evaluate Ms. Price's application for disability benefits, giving special consideration to her current age, as well as her limited education and lack of transferable work skills.