**George THOMAS, Plaintiff,**

**v.**

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**Civil No. 1995–0011.**

District Court, Virgin Islands, D. St. Croix.

Nov. 11, 1996.

Ronald E. Russell, Frederiksted, St. Croix, U.S.V.I., for plaintiff George Thomas.

Michael A. Humphreys, Asst. U.S. Atty., United States Attorney's Office, District of the Virgin Islands, Christiansted, St. Croix, U.S.V.I., for defendant Shirley S. Chater, Commissioner of Social Security.

## OPINION

FINCH, District Judge.

This matter comes before the Court on the Commissioner's motion to amend the judgment of the Court, pursuant to Fed.R.Civ.P. 59. The Court, for reasons stated below, will grant the motion.

### Discussion

Plaintiff George Thomas filed for disability benefits under the Social Security Act on April 22, 1993. The Social Security Administration denied plaintiff's claim, as did an Administrative Law Judge ("ALJ") upon subsequent review. Aggrieved, plaintiff sought relief in this Court, asserting that the ALJ's decision was not supported by substantial evidence in the record. *See Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir.1986) (findings of fact of the ALJ must be accepted as conclusive only if supported by "substantial evidence").

The Court granted plaintiff's motion, remanding the matter to the ALJ for further consideration. In doing so, the Court reasoned that substantial evidence did not support the ALJ's conclusion that plaintiff had the residual functional capacity to perform light work activity.[1] The Court recognized that the evaluation of plaintiff's treating physician, Dr. Pedersen, indicated that plaintiff could undertake light work.[2] The Court was troubled, however, by the fact that Dr. Pedersen rendered this opinion in June 1993— nearly six years after plaintiff's insured status had expired.[3] Noting that the relevant inquiry was whether plaintiff became disabled *prior* to the expiration of his insured status, *see Kane v. Heckler*, 776 F.2d 1130, 1131 n. 1 (3d Cir.1985), and seeing nothing in the record to indicate that Dr. Pedersen's June 1993 assessment related back to the period through plaintiff's date last insured, the Court found the evidentiary value of Dr. Pedersen's report to be drastically discounted. *See Parsons v. Heckler*, 739 F.2d 1334, 1340 (8th Cir.1984) (concluding that medical reports containing observations made after the period of disability can be relevant in assessing a claimant's disability only insofar as such reports relate to or provide evidence of claimant's pre-expiration condition).

The Commissioner now argues that, in reaching its decision, the Court disregarded two additional evaluations by Dr. Pedersen, one made in July 1988 and the other in January 1992. It is the Commissioner's position that these reports demonstrate a consistency of symptoms and thus "provide ample basis to permit an inference that Dr. Pedersen's June 1993 assessment related back to the commencement [of Dr. Pedersen's treatment of plaintiff] in October 1987, two months prior to the expiration of plaintiff's insured status." Def.'s mot. at 5.

■ The Court agrees that there are strong correlations between the July 1988, January 1992, and June 1993 evaluations. Although Dr. Pedersen's conclusions in each are not identical, all describe an individual with a herniated disc in the lumbar spine who had undergone a lumbar laminectomy in November of 1983. Despite such consistency, the Court is not persuaded that these evaluations, even when taken together, relate back any further than July 1988, when the first evaluation was rendered; accordingly, the Court still questions the relevance of Dr. Pedersen's June 1993 assessment of plaintiff's capacity to plaintiff's pre-expiration condition.

---

1. "Light work" is defined as follows:
   [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities . . . .

20 C.F.R. § 404.1567(b).

2. Dr. Pedersen opined that although plaintiff was limited in the amounts he could push, pull, or lift, he could, during an eight-hour workday, stand or walk for a total of six hours and could sit indefinitely. (Tr. 196).

3. Pursuant to the ALJ's finding, plaintiff's insured status expired on December 31, 1987. Plaintiff has not challenged this finding.

That said, the Court is nonetheless inclined to reverse its earlier judgment. As the Commissioner properly notes, in order for an applicant to qualify for disability insurance benefits, he must not only establish that he was disabled at a time when he met the insured status requirements, but also must demonstrate that he made his application for benefits within twelve months after such disability ended. *See* 20 C.F.R. § 404.315(a)(3). Here, plaintiff applied for disability benefits on April 22, 1993; thus to merit relief, plaintiff's disability must have extended until at least April 22, 1992. Dr. Pedersen's report of June 1993, when considered in light of the July 1988 and January 1992 reports, suggests that such was not the case.

Finding the ALJ's decision to be supported by substantial evidence in the record, the Court will affirm such decision. The Court's Order of July 12, 1996 shall be so amended.