

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2002

# Jones v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4143

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Jones v. Comm Social Security" (2002). *2002 Decisions.* Paper 562.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/562

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 01-4143
————————

MARVA D. JONES

v.

COMMISSIONER OF SOCIAL SECURITY

MARVA JONES,
                    Appellant

————————————————————————————

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 99-cv-04780
(Honorable Dickinson R. Debevoise)
————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2002
Before:  SCIRICA, BARRY and WEIS, Circuit Judges

(Filed          September 11, 2002                    )

————————————————

OPINION OF THE COURT
————————————————

SCIRICA, Circuit Judge.

     This is an appeal from an order affirming the Commissioner of Social Security's denial of Social Security benefits.
                              I.
     Marva Jones, an assembly line packer from 1980 to 1986, fractured her left ankle on October 11, 1987.  Her initial request for Social Security benefits was denied on February 6, 1990, and Jones did not appeal.  Jones then fractured her right ankle on January 30, 1994.  On December 24, 1996, Jones again applied for Social Security benefits, contending she had been unable to work since her left ankle fracture in 1987.  She claims her left ankle swells after several minutes of standing and that she suffers intolerable back pain, prohibiting her from lifting or carrying.  Jones's medical expert testified Jones has degenerative arthritic conditions in her left ankle.
     Jones's 1996 application for benefits was denied initially and upon reconsideration.  The administrative law judge found Jones met the required twenty quarters of insurance coverage in 1991 but concluded Jones had not introduced sufficient evidence to establish she was "disabled" between February 7, 1990 (the date after the denial of her first application) and December 31, 1991 (the last date she was covered by insurance).  The Appeals Council denied review.  The District Court affirmed the order

and this appeal followed.

## II.

The District Court had jurisdiction under 42 U.S.C. 405(g). We have jurisdiction under 28 U.S.C. 1291.

## III.

Social Security regulations provide a five-step procedure for evaluating disability claims. 20 C.F.R. 404.1520, 416.920. The District Court found Jones was not "disabled" between February 7, 1990 and December 31, 1991. Therefore, she did not clear the second of the five requirements proving she has a "severe impairment" disabling her while she met the status requirements. See 20 C.F.R. 404.130, 404.315. At issue is whether the administrative record contains substantial evidence for the Commissioner's factual findings, which were affirmed. 42 U.S.C. 405(g); Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citations omitted). "Substantial evidence" constitutes "[s]uch relevant evidence as a reasoning mind might accept as adequate to support a conclusion." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981).

The parties agree Jones last met the status requirements on December 31, 1991. To recover benefits, Jones was required to have a severe "physical or mental impairment" demonstrable by clinical and laboratory diagnostic techniques. 42 U.S.C. 423(d). Subjective symptoms, without more, cannot ordinarily result in a disability finding. Jones contends her left ankle fracture remained debilitating enough to qualify under Listing 1.03A. But Jones failed to produce a single medical record from the relevant time period, February 7, 1990 to December 31, 1991. Additionally, the administrative law judge found Dr. Scott's treatment notes from January 8, 1990 demonstrated Jones's left ankle had a good range of motion and acceptable motor strength. Jones did not receive further treatment from Dr. Scott until January 30, 1994, after she fractured her right ankle and more than two years after her last date insured. Nor is there evidence Jones sought treatment from another health provider in the interim. In sum, Jones did not demonstrate she suffered a "severe impairment" from February 7, 1990 to December 31, 1991, the critical period for her claim. See 20 C.F.R. 404.1520(a).

Jones contends the administrative law judge recognized the "severity" of her impairment, which should have satisfied the "step two" requirement. But the administrative law judge properly situated the available medical evidence within the dates of Jones's insurance coverage:

> Although it appears that the fracture of [Jones's] left ankle took more than a year to heal, a delay which might have provided a basis for a successful appeal of her prior application, as of September of 1989, her treating physician noted that the x-rays showed excellent healing of her fracture. . . . Indeed, there are no treatment notes or other medical findings after her fracture healed and prior to 1991 that would indicate that the severity of her current complaints with respect to her left ankle pre-existed the date last insured.

Therefore, considering the third, fourth, and fifth steps along the sequential chain was unnecessary. The administrative law judge met its responsibilities under Cotter. See 642 F.2d at 705 ("We need from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected."). Jones's left ankle may well have constituted a "severe impairment" during a prior period, but the administrative law judge could only consider the time period beginning February 7, 1990. After that date, substantial evidence suggests Jones did not have a "severe impairment."

Jones also contends both the District Court and the administrative law judge failed to explain why they did not accept Dr. Mylod's 1998 testimony, which purportedly established Jones's impairment at the 1.03A level before December 1991. But as the District Court noted, Listing 1.03A normally covers the hips and knees, not the ankles. Dr. Mylod's opinion that an ankle is a similar "weight-bearing joint" was insufficient. The specific impairment must be included on the list with the required severity. 20 C.F.R. 404.1525(c). Listing 1.03A makes no reference to ankles. Additionally, as noted, Dr. Scott's notes from January 8, 1990 indicate Jones's left ankle had a good range of motion. Listing 1.03A requires "persistent joint pain" and "signs of marked limitation

of motion or abnormal motion."  Therefore, a finding that Jones suffered from a 1.03A impairment was precluded.  We see no error.

Finally, Jones contends the administrative law judge wrongly failed to consider the testimony of Dr. S. Tsai, the Commissioner's psychiatrist.  But Dr. Tsai made his report on January 24, 1990, before the denial of Jones's first application for benefits.  It predated the February 6, 1990 notice on Jones's first claim.  Therefore, the administrative law judge could determine Dr. Tsai's report was part of the previous record and could not be considered with reference to her second application for benefits.  On both the latter two issues, the administrative law judge acknowledged possibly conflicting evidence but nonetheless determined Jones did not suffer from a "severe impairment" during the relevant period.  That determination was supported by substantial evidence.

## IV.

For the foregoing reasons we will affirm the judgment of the District Court.

TO THE CLERK:

Please file the foregoing opinion.


/s/Anthony J. Scirica

Circuit Judge