

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2007

# Guerrero v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3831

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Guerrero v. Comm Social Security" (2007). *2007 Decisions.* Paper 411.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/411

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――

No. 06-3831

―――

CONCEBIDA MONTILLA GUERRERO,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

―――

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-01709)
District Judge: Hon. Faith S. Hochberg

―――

Submitted Under Third Circuit LAR 34.1(a)
September 17, 2007

Before: SLOVITER, SMITH, and WEIS, Circuit Judges

(Filed   September 20, 2007 )

―――

OPINION

SLOVITER, Circuit Judge.

Appellant Concebida Montilla Guerrero appeals from the decision of the District Court, which affirmed the denial by the Commissioner of Social Security ("Commissioner") of Guerrero's claim for Disability Insurance Benefits ("DIB"). Under 42 U.S.C. § 405(g), the factual findings of the Commissioner bind this court as long as the administrative record contains substantial evidence for such findings. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Guerrero asserts that there is insufficient evidence to support the finding that she was only disabled as of February 10, 2001 and not prior thereto. We disagree.

## I.

The relevant facts appear in the District Court's opinion, which sets forth that Guerrero worked as a home health aide until 1994. On March 8, 2000, Guerrero filed a concurrent application for DIB and Supplemental Security Income ("SSI") benefits. She alleged therein that she became disabled on May 13, 1994 due to arthritis of her hips and left foot, neuropathy of the feet and legs, and a hernia; she later alleged mental impairments stemming from anxiety and depression. Her claims for SSI and DIB were denied initially and on reconsideration, and the matter proceeded to a hearing before an Administrative Law Judge ("ALJ") on September 23, 2002.

At the hearing, the ALJ considered medical evidence from independent consultative medical examinations and medical evidence from state agency medical

2

consultants. The ALJ concluded that Guerrero was entitled to receive SSI benefits[1] because of total disability as of February 10, 2001, but that there was insufficient medical evidence to show that she was disabled under the meaning of the Social Security Act prior to February 10, 2001.

Guerrero reached her fiftieth birthday six months after this date, on August 10, 2001. Under the Commissioner's Regulations, a claimant, at age fifty, is considered to be "closely approaching advancing age." 20 C.F.R. § 404.1563(d). Given Guerrero's middle-school education, unskilled work background, and her residual functional capacity for sedentary work, and relying on the Medical-Vocational Guidelines ("the grids") at 20 C.F.R. Pt. 404 Subpt. P, App. 2, under Rule 201.09, the ALJ found Guerrero disabled as of her fiftieth birthday. See 20 C.F.R. §§ 404.1569 and 416.969. The ALJ allowed Guerrero's disability onset date to commence on February 10, 2001, six months before Guerrero's fiftieth birthday. See Kane v. Heckler, 776 F.2d 1130, 1132-33 (3d Cir. 1985) (holding that where claimant is only a few days or months from the next age category and the age category has a decisive impact on disability determination, the Commissioner need not mechanically apply the grids).

---

[1] Because Guerrero's insured status pursuant to 42 U.S.C. § 423(c) expired on December 31, 1999 and the ALJ determined she was not disabled as of that date, she was only entitled to SSI benefits as opposed to DIB.

**II.**

In order to receive DIB under Title II and Title XVI of the Social Security Act, the claimant must satisfy the five-step sequential analysis established by the regulations. 20 C.F.R. §§ 404.1520 and 416.920. If at any step, the analysis reveals that the claimant is not disabled, the claim will not be further reviewed. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

The first step inquires whether the claimant is working or performing substantial gainful activity, regardless of the claimant's age, education, or work experience. If not, the analysis proceeds to the second step which requires determination of whether the claimant has a severe impairment. If not, the claim is automatically denied. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

If the claim proceeds to the third step, the Commissioner must determine whether that impairment is listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If so, the claimant will automatically be considered disabled. If the impairment is severe but not contained within Appendix 1, the claim proceeds to step four.

At step four, the Commissioner considers whether the claimant is still able to perform his or her past relevant work. If the claimant can perform past relevant work, the claim is automatically terminated. If the claimant cannot do any past relevant work, the analysis proceeds to the fifth and final step. In that step, the Commissioner considers whether the claimant has the residual capacity to do any other work. If the claimant

4

cannot do any work in light of his or her age, education, and work experience, the Commissioner will determine that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v). The Commissioner only bears the burden of proof in the final step of the analysis.

Guerrero does not challenge the finding that her physical impairments, when taken alone, are not sufficiently disabling as to prevent her from performing sedentary work. Instead, as noted above, she challenges the determination of her onset date, asserting that her disability onset date, when her psychiatric condition is also considered, is May 13, 1994. The administrative record does not support Guerrero's claim. The parties are aware of the medical reports and opinions, and we see no reason to discuss the details. Instead, we highlight certain facts.

The earliest presented medical evidence was dated October 1995. These records, from the Jersey City Medical Center, reported normal reflex and motion in Guerrero's legs. X-rays and other tests performed on Guerrero's back and legs appeared normal. In 1996, consultative examiner Dr. Jean Messihi described his only abnormal finding to be "stiffness of the lower back and palpable spasm of moderate intensity but without any restriction in the range of motion in the lumbosacral spine." Administrative Record at 333. Likewise, other tests did not demonstrate any limited range of motion. Guerrero also complained of gastrointestinal problems for which she was instructed, in 2000, to take Prevacid and modify her diet.

5

In March 2000, Dr. S. Perera, Guerrero's treating physician, opined that Guerrero retained adequate capacity to perform normal activities. Another doctor, Dr. Francky Merlin in July 2000, also found that Guerrero could sit, stand, and walk normally, although she should not lift heavy objects. She did not have difficulty moving to a seated position, she had full use of her arms, and her grip strength was normal.

During a neurological examination in 2000, Dr. Hooshang Sadeghi found Guerrero's hands, extremities, heels and toes responsive, with only mildly deficient reflexes in her ankles. Based on the medical evidence as to her physical abilities, of which the above is only a portion, the ALJ appropriately determined that Guerrero still retained the capacity to do sedentary work up to her onset date.

Guerrero argues that the ALJ should have called a psychiatric expert to select a correct onset date. Guerrero's initial disability report, filed in 1994, merely asserts physical symptoms; specifically, that she could not sit or stand due to arthritis, neuropathy, and a hernia. Guerrero did not complain of anxiety therein. It was not until she filed her reconsideration disability report on January 5, 2001, one month before her adjudication date, that she alleged that she stopped working when she started getting depressed. She cites the death of her roommate – a year before – as one of the causes of her depression. Guerrero stated that she could previously perform all her household tasks and take care of her children, but that her depression was now the cause of her restrictions.

6

The evidence before the ALJ suggested that Guerrero was nevertheless able to perform simple, repetitive, and unskilled work prior to February 10, 2001. During a consultative mental examination in October 2000, Dr. Joseph Buceta found that Guerrero was able to do simple math, could understand and follow simple instructions, and demonstrated adequate social judgment and insight. Likewise, Dr. Eckhardt's November 2000 examination found that, while Guerrero had moderate limitations in performing activities within a schedule, she could still complete a routine without any special supervision. Dr. Eckhardt did not find any major limitations in appellant's mental functioning. Thus, because Guerrero did not present any evidence demonstrating that her depression was a long-standing, slowly progressing condition, cf. Walton v. Halter, 243 F.3d 703 (3d Cir. 2001), the ALJ was not required to call a medical expert to assist in determining a disability onset date.

Guerrero also argues that the ALJ erred in relying on the Medical-Vocational Guidelines and Social Security Ruling 96-9p to determine that there was other work that Guerrero could perform prior to February 10, 2001. SSR 96-9p provides that the basic mental demands of unskilled work include the abilities to understand, remember, and carry out simple instructions, to make judgments that are commensurate with the functions of one's task, and to respond appropriately to co-workers and work settings. It was the opinion of Drs. Buceta and Eckhardt following their 2000 consultative examinations that Guerrero had not lost any substantial ability to perform such work-

7

related tasks. Further, the grids take administrative notice of the fact that there are approximately 200 separate unskilled sedentary jobs available in the national economy, each of which represents numerous available positions within that field.

In affirming the ALJ, the District Court relied on Allen v. Barnhart, 417 F.3d 396 (3d Cir. 2005), where we held that the Commissioner may rely on an SSR in lieu of vocational testimony at the fifth step of the evaluation process where there is a "fit" between the facts of a given case and the way in which an SSR dictates that an individual's non-exertional limitations impact upon her occupational base. Id. at 406. The District Court found that in Guerrero's case, there was such a fit. In light of that finding and under our decision in Allen, there was no need to call a vocational expert.

Finally, Guerrero contends that even if Allen is applicable, the ALJ failed to notify the claimant of her intention to rely on the SSR. Guerrero maintains that she was not afforded a proper opportunity to rebut the ALJ's reliance on that ruling. However, Guerrero failed to raise this issue in the District Court and is not now entitled to raise it on appeal. See Gass v. V.I. Tel. Corp., 311 F.3d 237, 246 (3d Cir. 2002) (establishing that a failure to raise an issue in the district court constitutes a waiver particularly in situations where a timely raising of the issue would have permitted the parties to develop the factual record). We depart from this rule only when a "manifest injustice would result[.]" Id. This is not one of those instances.

There was substantial evidence to support the ALJ's determination that February

8

10, 2001 was Guerrero's disability onset date.  Therefore, we will affirm.